UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| JOSEPH HAEN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>IOWA TELECOMMUNICATIONS SERVICES, INC.; ALAN L. WELLS; KENNETH R. COLE; NORMAN C. FROST; BRIAN G. HART; H. LYNN HORAK; CRAIG A. LANG; KENDRIK E. PACKER; and WINDSTREAM CORPORATION,<br><br>    Defendants. | C.A. No. 4:09-cv-501<br><br>**EXPEDITED RELIEF REQUESTED and ORAL ARGUMENT REQUESTED** |

**PLAINTIFF JOSEPH HAEN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXPEDITE DISCOVERY PROCEEDINGS**

Plaintiff Joseph Haen ("Plaintiff") respectfully submits the following memorandum in support of his Motion to Expedite Discovery Proceedings. As stated below, Plaintiff has good cause to warrant expedited discovery proceedings before a conference takes place under Fed. R. Civ. P. 26(f).

Plaintiff seeks to enjoin the acquisition of Iowa Telecommunications Services, Inc. ("Iowa Telecom" or the "Company") by Windstream Corporation ("Windstream") announced on November 24, 2009 ("Proposed Transaction"). Plaintiff alleges that the Proposed Transaction was reached at an unfair price and through an unfair process and seeks, among other forms of relief, to preliminarily enjoin the acquisition. The Proposed Transaction is expected in close in mid-2010. Given the limited time frame for the closing of the Proposed Transaction, the ordinary course of discovery proceedings under the Federal Rules of Civil Procedure would be

1

inappropriate since, by the time discovery responses are due, the transaction may essentially be completed. Additionally, the interests of Iowa Telecom's constituencies also demonstrate good cause for expedited discovery. Defendants can show little prejudice if discovery proceedings are expedited, particularly since Plaintiff requests limited discovery related to the Proposed Transaction. As such, Plaintiff respectfully requests an order allowing Plaintiff to take discovery on an expedited basis.

## STATEMENT OF FACTS

Iowa Telecom is a provider of wire line local exchange telecommunications services to residential and business customers in rural Iowa, Minnesota and Missouri. ¶ 3[1]. Iowa Telecom is incorporated in Iowa and headquartered in Newton, Iowa and employs 720 full-time employees, 629 of which are based In Iowa.[2]

Iowa Telecom's business has continued to perform extremely well over the past year in spite of the global recession. ¶ 28. In the third quarter of 2009 alone, the Company generated more than $68 million in revenue and sales, a substantial increase from the same quarter in 2008. *Id*. Iowa Telecom has continued its strong financial performance throughout the recession due largely to the Company's increase in access lines from recent acquisitions. *Id*. Iowa Telecom touted the growth prospects from these increased lines as "significant" in an October 29, 2009 press release. ¶ 29.

On November 24, 2009, the Company surprised its shareholders and employees by announcing that Iowa Telecom's Board of Directors agreed to be acquired by Windstream, an out-of-state company based in Little Rock, Arkansas, in a transaction valued at approximately

---

[1] All "¶" references refer to Plaintiff's Class Action Complaint, filed on December 11, 2009.

[2] Iowa Telecom's Form 10K for 2008, filed with the Securities and Exchange Commission on March 2, 2009.

$1.1 billion. ¶ 31. Under the Proposed Transaction, Iowa Telecom shareholders would receive 0.804 shares of Windstream stock and $7.90 in cash per each Iowa Telecom share. *Id.* Based on Windstream's closing price on November 23, 2009, Iowa Telecom shareholders would likely receive consideration valued at $16.04 per share. ¶ 32. The Company expects the transaction to close in mid-2010. ¶ 31. If the Proposed Transaction is consummated, marketing of the Iowa Telecom brand will cease and will instead be "marketed under the Windstream brand."[3]

Although the Company's Board of Directors stated their belief that the Proposed Transaction was "in the best interest of the company, its customers and its shareholders," a closer examination of the deal reveals that the Proposed Transaction was reached at an unfair price and through an unfair process. Indeed, the consideration offered to Iowa Telecom shareholders appears to be considerably lower than the Company's 52-week stock price high of $16.41 and all-time high of $23.52. ¶ 32. When taking into account that the stock value of most public companies has fallen significantly since September 2008, the fact that Iowa Telecom's stock price has increased more than 38% since March 9, 2009 is compelling, and this clearly reflects the ongoing improvements in the Company's operations and intrinsic value. ¶ 34.

Moreover, the Proposed Transaction appears to be the product of an unfair sales process that allows Defendant Allen L. Wells ("Wells"), one of the Company's directors, to join Windstream's board of directors following consummation of the deal. ¶ 35. Wells thus stands to receive a benefit not shared equally with other Iowa Telecom shareholders.

The Proposed Transaction is also unfair to Plaintiff and other Iowa Telecom shareholders due to the following terms of the Proposed Transaction:

---

[3] Iowa Telecom's Form 425, filed with the Securities and Exchange Commission on November 24, 2009.

a. <u>No appraisal rights</u>. Unlike the vast majority of sale agreements, appraisal rights are not available to shareholders in the Proposed Transaction. Thus, shareholders have no right to demand and receive judicial appraisal of the fair value of his, her, or its shares in connection with the sale. ¶ 36.

b. <u>Termination Fee</u>. Iowa Telecom must pay Windstream a termination fee of $25 million if, among other things, Iowa Telecom accepts a superior proposal to acquire the Company. *Id*.

c. <u>No-solicitation provision</u>. This provision prohibits other buyers from having access to Iowa Telecom's confidential information, thereby decreasing the likelihood that a superior proposal will be made by another suitor. *Id*.

d. <u>Matching Rights provision</u>. This provision allows Windstream 72 hours to match any competing offer, if one is made, thereby decreasing the likelihood that a superior proposal will be made by another suitor. *Id*.

e. <u>"Force-the-vote" provision.</u> This provision requires the Individual Defendants to submit the Proposed Transaction to a shareholder vote even if a superior proposal is made and the Board changes its recommendation. *Id*.

On December 11, 2009, Plaintiff filed a class action complaint seeking injunctive and other appropriate relief in connection with the Proposed Transaction. Plaintiff also intends to file a motion for preliminary injunction with this Court. Declaration of Donald J. Enright, ("Enright Decl."), ¶ 2. This Court has not yet set a scheduling conference or set a deadline for the parties to complete the Fed. R. Civ. P. 26(f) conference, and, thus, Plaintiff is unable to determine when he may commence discovery. Enright Decl. ¶ 3. Plaintiff served Iowa Telecom, Windstream, and Defendant Wells with the complaint on December 16, 2009. Enright Decl. ¶ 4.

On December 15, 2009, Plaintiff's counsel contacted the law firms listed in the Merger Agreement as counsel for Defendants Iowa Telecom and Windstream regarding the Proposed Transaction. Enright Decl. ¶ 5. Plaintiff's counsel requested that Defendants stipulate to expedited discovery proceedings in light of Plaintiff's forthcoming motion for preliminary injunction. *Id*. Plaintiff's counsel notified Defendants' counsel that he intended to move for expedited discovery proceedings if Defendants failed to stipulate to expedited discovery or failed to respond. *Id*. Defendants have not responded to Plaintiff's request to expedite discovery proceedings. *Id*.

## ARGUMENT

Plaintiff has good cause to warrant expedited discovery proceedings before a conference takes place under Fed. R. Civ. P. 26(f). Given the limited time frame for the closing of the Proposed Transaction, the ordinary course of discovery proceedings under the Federal Rules of Civil Procedure would be inappropriate since, by the time discovery responses are due, the transaction may essentially be completed. Additionally, the interests of Iowa Telecom's constituencies also demonstrate good cause for expedited discovery.

Defendants are also unable to argue that they face prejudice if discovery proceedings are expedited. Plaintiff requests very limited discovery related to the Proposed Transaction, a transaction that was announced less than one month ago. Thus, these documents have likely been viewed or prepared by Defendants very recently and would take relatively little effort to gather and produce.

### I. Legal Standard for Expedited Discovery

Although Fed. R. Civ. P. 26(d) generally prohibits parties from seeking discovery "before the parties have conferred as required by Rule 26(f)," a court may deviate from this rule and

authorize a party to conduct discovery on an expedited basis. Fed. R. Civ. P. 26(d). Iowa district courts apply the "good cause" standard in evaluating whether expedited discovery is appropriate, an inquiry which requires a court to "balanc[e] the need for expedited discovery, in the administration of justice, against the prejudice to the responding party, and considering the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Wachovia Securities, LLC v. Stanton*, 571 F. Supp. 2d 1014, 1050 (N.D. Iowa 2008); *see also Monsanto Co. v. Woods,* 250 F.R.D. 411, 413 (E.D. Mo. 2008); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 613-14 (D. Ariz. 2001).[4]

## II. Good Cause Exists for Plaintiff's Expedited Discovery

Here, Plaintiff can show good cause to conduct discovery on an expedited basis. Plaintiff seeks to preliminarily enjoin the Proposed Transaction, which is scheduled to close in mid-2010. Since Fed. R. Civ. P. 26(f) generally does not require a discovery conference to take place until 21 days before the first scheduling conference, and no scheduling conference has been set yet in this case, it may be months before Plaintiff can begin conducting any discovery for a

---

[4] Delaware law is also instructive on expedited discovery proceedings since Delaware courts routinely handle litigation challenging corporate transactions such as the one here. In a merger-related action such as this one, Delaware courts routinely permit a plaintiff to conduct discovery on an expedited basis because of the potential for irreparable harm to shareholders if a merger or acquisition is consummated. *Allen v. News Corp.*, No. Civ-A-979-N, 2005 WL 415095 (Del. Ch. Feb. 3, 2005); *ODS Technologies, L.P. v. Marshall*, 832 A.2d 1254, 1262 (Del. Ch. 2003); *In re Pure Resources, Inc. S'holders Litig.,* 808 A.2d 421, 452 (Del. Ch. 2002) (irreparable injury is threatened when a shareholder may make voting decision on the basis of materially misleading or inadequate information); s*ee also Harmony Mill Ltd. Partnership v. Magness*, No. Civ-A-7463, 1984 WL 21898 (Del. Ch. Feb. 14, 1984); *In Re Int'l Jensen S'holders Litig.*, No. CIV-A-14992, 1996 WL 422345, (Del. Ch. July 13, 1996) ("A party's request to schedule an application for a preliminary injunction and to expedite the discovery related thereto is normally routinely granted. Exceptions to that norm are rare.").

forthcoming preliminary injunction motion. Thus, the ordinary course of discovery proceedings under the federal rules would be inappropriate and insufficient, given the limited time frame for the closing of the Proposed Transaction and the time required for the preparation, briefing, argument and consideration of the anticipated motion for a preliminary injunction. The slower pace of normal pretrial discovery will clearly prejudice Plaintiff since, by the time discovery responses are due, the transaction may essentially be completed.

### III.  The Interests of Iowa Telecom's Various Constituencies Demonstrate Good Cause for Expedited Discovery

Additionally, the interests of Iowa Telecom's constituencies demonstrate good cause for expedited discovery. In particular, there is a danger of breaches of the Company's fiduciary duties pursuant to Iowa Code § 409.1108A, which requires Defendants to consider the interests of the Company's employees and the surrounding community. There is no guarantee that the headquarters in Newton, Iowa will remain open for business if the deal is consummated. The Company recently purchased two Minnesota telecommunications companies, and there is reason to believe it will not keep its presence in Newton, Iowa.

Moreover, in Windstream's November 24, 2009 press release, the Employee Q&A indicated that the employees should consult their supervisors about continuing on major projects. This, too, indicates that there is the potential for a significant loss of jobs in the Newton area thus affecting hundreds of jobs, local businesses and the local economy. A November 24, 2009 Associated Press article by Chuck Bartels discussing the effects of the Proposed Merger confirmed these suspicions by stating that job cuts are likely.

Thus, expedited discovery is supported by the inherent dangers of the Proposed Transaction being consummated before discovery has been completed. There is a danger of a

situation similar to the acquisition of Maytag by Ripplewood where despite promises of retaining a presence in Iowa, myriad jobs were lost as a result of the merger. The Iowa community will suffer even further damage because the reduced competition for telephone services will inherently increase the cost of these services.

### IV.     Defendants Will Face No Prejudice From Expedited Discovery Because Plaintiff Requests Only Limited And Narrowly Focused Discovery

Defendants will face no prejudice from expedited discovery in this case. The corporate Defendants have already been served with the complaint and have been informed of Plaintiff's request to expedite discovery and the specific limited discovery Plaintiff seeks. Plaintiff's discovery requests are limited and narrowly focused to documents and testimony regarding the Board's decision to approve the Proposed Transaction, and such discovery would pose little burden to Defendants to produce. Specifically, Plaintiff requests the following limited discovery from Defendants:

1. Production of minutes from any meetings attended by any member of Iowa Telecom's Board of Directors at which the Proposed Transaction or any other potential strategic transactions were was discussed, including any discussions regarding voting on the Proposed Transaction.

2. Production of any opinions prepared by bankers or financial advisors in connection with the Proposed Transaction ("Fairness Opinions").

3. Production of all financial projections prepared by Iowa Telecom management during the past 12 months, including but not limited to projections provided to any investment bankers or financial advisors in connection with any fairness opinion(s) provided in connection with the Board's consideration of the Proposed Transaction.

4. Production of all presentation documents, prepared by Iowa Telecom management or any bankers or financial advisors referenced in Paragraph 2, concerning the Proposed Transaction or any other potential strategic transaction, merger, or acquisition.

5. Production of any valuations prepared assessing the value of Iowa Telecom as an enterprise, or Iowa Telecom stock, in the past 12 months.

6. Production sufficient to identify any benefits to be received by any officer, director, or member of management of Iowa Telecom in connection with the Proposed Transaction.

7. Production of all communications and other documents (including, but not limited to, letters, emails, memoranda, and spreadsheets) concerning the terms of the Proposed Transaction or any other potential strategic transaction during the past 12 months.

8. Depositions of the two persons most knowledgeable with respect to the Proposed Transaction and any other potential strategic transactions considered by the Board during the past 12 months.

9. Depositions of the person most knowledgeable regarding the financial projections of Iowa Telecom.

Defendants will be unable to argue any prejudice from having to respond to such discovery on an expedited basis. Since the Proposed Transaction was announced less than one month ago, the requested documents have likely been viewed or prepared by Defendants very recently and would take little effort to gather and produce. *See, e.g., Renaud v. Gillick*, No. C06-1304RSL, 2007 WL 98465, at *3 (W.D. Wash. Jan. 8, 2007) (expedited document requests "will not impose a significant burden upon defendant."). In any event, each of the requested discovery concerns evidence relevant to Plaintiff's fiduciary duty claims, and Defendants will most likely need to produce this discovery after the Rule 26(f) conference even in the absence of expedited discovery. Thus, Defendants should produce such documents on an expedited basis in the interest of the "prompt and efficient disposition of this litigation." *Wachovia Securities, LLC v. Stanton*, 571 F. Supp. 2d at 1050.

**CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court allow expedited discovery proceedings as detailed herein.

Dated: December 17, 2009                    Respectfully submitted,

                                            WANDRO & BAER, P.C.

                                            __*Kimberley Baer*_____
                                            Kimberley K. Baer (AT0000683)
                                            kbaer@2501grand.com
                                            Michael R. Keller (AT0009506)
                                            mrkeller@2501grand.com
                                            2501 Grand Avenue, Suite B
                                            Des Moines, Iowa 50312
                                            Telephone:   515.281.1475
                                            Facsimile:   515.281.1474

                                            ATTORNEYS FOR PLAINTIFF

*Of Counsel*:

FINKELSTEIN THOMPSON LLP
Donald J. Enright (*pro hac vice* application pending)
Elizabeth K. Tripodi (*pro hac vice* application pending)
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

FINKELSTEIN THOMPSON LLP
Mark Punzalan (*pro hac vice* application pending)
100 Bush St., Suite 1450
San Francisco, CA 94104
Telephone: (202) 337-8000
Facsimile: (202) 337-8090