**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| JOSEPH HAEN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>IOWA TELECOMMUNICATIONS SERVICES, INC.; ALAN L. WELLS; KENNETH R. COLE; NORMAN C. FROST; BRIAN G. HART; H. LYNN HORAK; CRAIG A. LANG; KENDRIK E. PACKER; and WINDSTREAM CORPORATION,<br><br>    Defendants. | C.A. No. 4:09-cv-501 |
| SANJAY ISRANI, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAN L. WELLS, KENNETH R. COLE, NORMAN C. FROST, BRIAN G. HART, H. LYNN HORAK, CRAIG A. LANG, KENDRIK E. PACKER, IOWA TELECOMMUNICATIONS SERVICES, INC., and WINDSTREAM CORPORATION,<br><br>    Defendants | C.A. No. 4:09-cv-514 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO CONSOLIDATE THE RELATED CLASS ACTIONS
AND APPOINT LEAD COUNSEL**

**I.    INTRODUCTION**

By this motion, Plaintiffs Joseph Haen and Sanjay Israni ("Plaintiffs") seek pursuant to Fed. R. Civ. P. 42(a) to consolidate the related class actions and have their

counsel[1] appointed as lead counsel for the consolidated action.

Although counsel for defendants have not made an appearance yet in this litigation, Counsel for Plaintiffs conferred with Michael Reck of Belin McCormick, counsel for Defendant Iowa Telecommunications Services, Inc. ("Iowa Telecom" or the "Company") and Robert Saunders with Skadden Arps, counsel for Defendant Windstream Corporation. While Mr. Saunders did not immediately have a position on the motion, Mr. Reck stated that his clients would not oppose the motion.

Currently, there are two related class actions brought against Defendants Iowa Telecom and its Board of Directors in connection with their attempt to sell the Company to Windstream Corporation ("Windstream"). Under the terms of the merger agreement, Iowa Telecom shareholders would receive 0.804 shares of Windstream stock and $7.90 in cash per Iowa Telecom share (the "Proposed Transaction"). Plaintiffs allege the Proposed Transaction was reached through an unfair process and for a price unfair to Iowa Telecom shareholders.

Consolidation of the related actions is consistent with well-established procedures concerning complex civil matters and will assist to streamline the prosecution of this litigation, promote judicial economy, eliminate unnecessary costs and delays, expedite the proceedings and result in the best resolution for the class of Iowa Telecom shareholders. Additionally, appointment of capable lead counsel for the class is an important step in the organization and efficient prosecution of class action litigation. As such, Plaintiffs request that this Court grant their motion to consolidate the related actions

---

[1] Plaintiff Joseph Haen is represented by Finkelstein Thompson LLP ("FT") and Plaintiff Sanjay Israni is represented by Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"). Plaintiffs are seeking to have their counsel appointed jointly as Lead Counsel for the Class.

and appoint lead counsel for the consolidated action.

## II.    STATEMENT OF RELEVANT FACTS[2]

Iowa Telecom is a provider of wire line local exchange telecommunications services to residential and business customers in rural Iowa, Minnesota and Missouri. ¶ 3. Iowa Telecom is incorporated in Iowa and headquartered in Newton, Iowa.

On November 24, 2009, the Company issued a press release announcing that the Individual Defendants had approved an agreement under which Windstream would acquire Iowa Telecom. As the press release stated:

> Iowa Telecommunications Services, Inc. (NYSE: IWA), announced today that its Board of Directors has approved an agreement for Windstream Corporation (NYSE: WIN) to acquire the Newton, Iowa-based telecommunications company in a transaction valued at approximately $1.1 billion.
>
> Iowa Telecom provides communications services to residential and business customers in approximately 460 Iowa and Minnesota communities. The company has approximately 800 employees and serves about 256,000 access lines, about 95,000 high-speed Internet customers and about 26,000 digital TV customers.
>
> "For the past 10 years, Iowa Telecom has been committed to providing advanced communications services to our customers," stated Alan L. Wells, Iowa Telecom Chairman and Chief Executive Officer. "Our dedicated employees have helped create a solid reputation with our customers and within the communities we serve. As the telecommunications industry changes, it has become clear that we need to increase the size and scale of our operations in order to continue to offer our customers the services they need. This has been a difficult decision, but we firmly believe that the combination with Windstream is in the best interest of our company, our customers and our shareholders."
>
> Iowa Telecom shareholders will receive 0.804 shares of Windstream stock and $7.90 in cash per each Iowa Telecom share under terms of the agreement approved by the boards of directors of both companies. Windstream expects to issue approximately 26.5 million shares of stock valued at $269 million, based on the company's closing stock price on Nov. 23, 2009, and pay approximately $261 million in cash as part of the transaction. Windstream also will repay estimated net debt of approximately $598 million.

---

[2]    All "¶" references refer to Plaintiff's Class Action Complaint, filed on December 11, 2009

> "Iowa Telecom's commitment to meeting the communications needs of its customers, and its focus on customer service, has resulted in solid operating and financial results. These are well-run, profitable properties that offer a unique opportunity to expand our operations into Iowa and Minnesota," said Jeff Gardner, president and CEO of Windstream.
>
> Little Rock, Ark.-based Windstream provides voice, broadband and entertainment services to customers in 16 states. Similar to Iowa Telecom, Windstream has a proud heritage of being very involved in their local communities. Windstream will maintain an operating presence in the headquarters building in Newton and plans to expand the existing Newton call center.
>
> "Windstream has an impressive track record of serving customers in communities similar to the ones we serve. Windstream is a leader in our industry, and has a reputation for deploying advanced services," continued Wells. "We're pleased that we've found a company to partner with that is as committed to customer service as we have been."
>
> The transaction is expected to close in mid-2010, subject to certain conditions, including necessary approvals from federal and state regulators and Iowa Telecom shareholders

Plaintiffs allege that the Proposed Transaction is the product of an unfair sales process that allows Defendant Allen L. Wells ("Wells"), one of the Company's directors, to join Windstream's board of directors following consummation of the deal. ¶ 35. Plaintiffs further allege that the Proposed Transaction is unfair to Plaintiff and other Iowa Telecom shareholders due to numerous deal protection measures detailed in the complaint such as (i) no appraisal rights for shareholders; (ii) an excessive termination fee; (iii) a no-solicitation provision; (iv) a no matching rights provision and a (v) "force the vote provision." ¶ 36. Plaintiffs thus seek injunctive and other appropriate relief for breaches of fiduciary duty and other violations of state law by Defendants in connection with the Proposed Transaction.

4

### III. CONSOLIDATION OF THE RELATED ACTIONS WILL PROMOTE JUSTICE AND ENSURE EFFICIENCY

Federal Rule of Civil Procedure 42(a) provides that: "If actions before the court involve a common question of law or fact, the court may ... join for hearing or trial any or all matters at issue in the actions ..." Fed. R. Civ. P.. 42(a). The decision to consolidate is entrusted to the sound discretion of the court. *Enterprise Bank v. Saettele,* 21 F.3d 233, 235 (8th Cir.1994); *United States E.P.A. v. City of Green Forest, Ark.,* 921 F.2d 1394 (8th Cir.1990), *cert. denied,* 502 U.S. 956, (1991); *EEOC v. Von Maur, Inc.,* 237 F.R.D. 195, 197 (S.D.Iowa 2006). The prerequisite to consolidation is whether common questions of law and fact exist in the actions. *E.E.O.C. v. Von Maur, Inc.*, 237 F.R.D. 195, 197 (S.D. Iowa 2006). Here, it is undeniable that common questions of law and fact exist in the two actions seeking consolidation.

Central to each of these actions are the common allegations concerning Defendants' efforts to sell Iowa Telecom to Windstream through an unfair process and for an unfair price. Both actions allege that the 0.804 shares of Windstream stock and $7.90 in cash per each Iowa Telecom share represent a significant discount to Iowa Telecom's intrinsic value. Each of the related actions alleges that the Defendants breached their fiduciary duties by, among other things, failing to demonstrate that they shopped the Company or took steps to obtain the best value for shareholders. Because these actions arise directly from Defendants' alleged misconduct in connection with the Proposed Transaction, and because each plaintiff will rely on the same evidence to establish their claims, consolidation is proper.

Further, consolidation has historically been a "matter of convenience and economy in administration." *Von Maur, Inc.,* 237 F.R.D. at 197 (quoting *Johnson v.*

5

*Manhattan Ry. Co.,* 289 U.S. 479, 496, 53 S.Ct. 721, 77 L.Ed. 1331 (1933)). The purpose of consolidation is to avoid unnecessary cost or delay. *EEOC v. HBE Corp.,* 135 F.3d 543, 550 (8th Cir.1998). Here, consolidation of the related actions will clearly prevent unnecessary duplication of efforts, including briefing and arguing motions, initiating and conducting limited expedited discovery, employing experts, arranging for support services and coordinating the massive task of evidence and document retention. As such, the interests of all parties, and the Court, will be best served by the efficiency, consistency and economy achieved through the consolidation of the related actions into a single manageable litigation. Accordingly, Plaintiffs request that the Court consolidate the related actions.

## IV.     FT AND WOLF HALDENSTEIN ARE WELL SUITED FOR APPOINTMENT AS LEAD COUNSEL

Plaintiffs respectfully request that the Court appoint FT and Wolf Haldenstein as co-lead counsel for the proposed class and Wandro & Baer as liaison counsel. These firms have vast experience litigating shareholder claims nationwide and are very well situated to litigate this action on behalf of Plaintiffs and the proposed Class.[3]

Plaintiffs' request for appointment of lead counsel falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In addition, the *Manual for Complex Litigation*

---

[3] *See* Exhibits A, B and C to the Declaration of Donald J. Enright In Support of Plaintiffs' Motion to Consolidate Related Actions and Appoint Lead Counsel ("Enright Decl.") which contain the firm resumes of Finkelstein Thompson LLP, Wolf Haldenstein and Wandro & Baer, respectively.

6

recognizes the benefits of appointing lead counsel in complex, multiparty litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel.  Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse the misdirect the litigation, and burden the court unnecessarily.  Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.  MCL 4th § 10.22, at 37.

The criteria for selecting counsel are set forth in *Newberg on Class Actions*, which states the relevant factors "include experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of proceedings in a particular suit, and the nature of the causes of action alleged."  Herbert B. Newberg and Alba Conte, Newberg on Class Actions § 9.35 (4th ed. 2008) (footnote omitted).  These standards accord with this state's attorney practice rules, which state that in order to handle a matter competently, "[t]he required attention and preparation are determined in part by what is at stake: major litigation and complex transactions ordinarily require more elaborate treatment than matters of lesser consequence."  Comment to I.C.A. Rule 32:1.1 ("Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.").

Here, the appointment of lead counsel will ensure that the consolidated actions will be undertaken by firms with substantial experience and success in litigating these types of shareholder actions. The proposed lead counsel have extremely broad experience in class actions in general and shareholder actions in particular, and have successfully litigated numerous merger and acquisition class action cases in state and federal courts across the nation.  Additionally, the Wandro & Baer firm is located in Des Moines and brings strong familiarity with the Iowa courts to the prosecution of this litigation.

7

Accordingly, Plaintiffs' attorneys are highly qualified to be lead counsel in this action.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant its motion and (1) consolidate the related actions, and (2) appoint FT and Wolf Haldenstein as co-lead counsel and Wandro & Baer as liaison counsel.

Dated: December 18, 2009                    Respectfully submitted,

                                            WANDRO & BAER, P.C.

                                            __*Kimberley Baer*_____
                                            Kimberley K. Baer (AT0000683)
                                            kbaer@2501grand.com
                                            2501 Grand Avenue, Suite B
                                            Des Moines, Iowa 50312
                                            Telephone:    515.281.1475
                                            Facsimile:    515.281.1474

                                            PROPOSED LIAISON COUNSEL FOR
                                            PLAINTIFFS

*Of Counsel*:

FINKELSTEIN THOMPSON LLP
Donald J. Enright
Elizabeth K. Tripodi
1050 30th Street, NW
Washington, D.C.  20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090


FINKELSTEIN THOMPSON LLP
Mark Punzalan
100 Bush St., Suite 1450
San Francisco, CA 94104
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
Gregory M. Nespole
Gustavo Bruckner
Rachel S. Poplock
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4563

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
Adam J. Levitt
55 West Monroe Street, Suite 1111
Chicago, IL 60603
Telephone: (312) 984-0000
Facsimile: (312) 984-0001

PROPOSED CO-LEAD COUNSEL FOR PLAINTIFFS


DUFF LAW FIRM, P.L.C.

Thomas J. Duff, Esq.
The Griffin Building
319 7th Street-Suite 600
Des Moines, Iowa 50309
(515) 283-1111 (t)
(515) 282-0477 (f)

LAW OFFICES OF MARC S. HENZEL
Marc S. Henzel, Esq.
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA 19004
(610) 660-8000 (t)
(610) 660-8080 (f)